**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUSTAFA ABDULLAH WRIGHT, CDCR #H-76467,<br><br>Plaintiff,<br><br>vs.<br><br>S. PETERS; T. RUCKER; J. WINN; H. ASBURY; E. GARZA,<br><br>Defendants. | Case No. 13cv3024 BTM (NLS)<br><br>**ORDER PROVIDING NOTICE TO PRO SE PRISONER OF REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT PURSUANT TO *KLINGELE* / *RAND* AND SETTING BRIEFING SCHEDULE** |

**This notice is required to be given to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):**[1]

Defendants have filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56[2] (ECF Doc. No. 15), by which they seek to have your case dismissed for failing to exhaust your available administrative remedies  A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] *Klingele* and *Rand* together require the district court "as a bare minimum," to ensure that a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted); *Rand*, 154 F.3d at 962.

[2] Defendants have also filed a Motion to Dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6). (ECF Doc. No. 14.)

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact– that is, if there is no real dispute about any fact that would affect the result of your case, and the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. Plaintiff is hereby provided with notice that Defendants are seeking to dismiss his case because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). *See Woods v. Carey*, 684 F.3d 934, 936, 939 (9th Cir. 2012.) "Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, __ F.3d __, 2014 WL 1317141 *8 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199 (2007). If Plaintiff wishes to oppose Defendants' Motion, he should include in his Opposition whatever arguments, evidentiary material, or documents he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit.

If Defendants' Motion *and supporting proof* is sufficient to show that he has failed to exhaust, and Plaintiff fails to develop the record by providing evidence to the contrary as part of his Opposition, his unexhausted claims will be dismissed and he will not be able to proceed as to those claims in this action.

**Conclusion and Order**

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment has been calendared for hearing on **June 20, 2014** in Courtroom 15B. Your Opposition (including any supporting documents) must be filed with the Court and served on all parties by **June 6, 2014.** If you do not wish to oppose Defendants' Motion, you should file and serve a "Notice of Non-Opposition" by that same date to let both the Court and Defendants know that the Motion is unopposed. If you do file and serve an Opposition, Defendants must file and serve their Reply to that Opposition by **June 13, 2014.**

At the time appointed for hearing, the Court will, in its discretion, consider Defendant's Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 as submitted on the papers, and will issue its written opinion soon thereafter. *See* S. D. CAL. CIVLR 7.1(d)(1).

1 | Thus, unless otherwise requested and ordered, no appearances are required on June 20,
2 | 2014, and no oral argument will be heard.
3 | **IT IS SO ORDERED.**
4 |
5 | DATED: May 9, 2014
6 | _____
7 | BARRY TED MOSKOWITZ, Chief Judge
United States District Court