UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA ABDULLAH WRIGHT, CDCR #H-76467,<br><br>Plaintiff,<br><br>vs.<br><br>S. PETERS; T. RUCKER; J. WINN; H. ASBURY; E. GARZA,<br><br>Defendants. | Civil No. 13cv3024 BTM (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF Doc. No. 15);**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT (ECF Doc. No. 14); and**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF Doc. No. 25)** |

**I.**

**PROCEDURAL BACKGROUND**

Mustafa Abdullah Wright ("Plaintiff"), a state inmate currently incarcerated at Corcoran State Prison, proceeding pro se and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion for Summary Judgment for failure to exhaust administrative remedies pursuant to FED.R.CIV.P. 56 and a Motion to Dismiss parts of Plaintiff's Complaint ("Compl"). (ECF Doc. Nos. 14, 15.)  In addition, Plaintiff has filed a Motion to Appoint Counsel. (ECF Doc. No. 25.)

The Court notified Plaintiff of the requirements for opposing summary judgment, including opposing a summary judgment brought on exhaustion grounds,  pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). (ECF Doc. No. 16.)   Plaintiff filed his oppositions to both motions, to which Defendants filed their replies. (ECF Doc. Nos. 14, 15, 20-23.)

The Court has determined that Defendants' motions and Plaintiff's motion are suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Nita L. Stormes is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### PLAINTIFF'S FACTUAL ALLEGATIONS[1]

In 2011, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") which is located in San Diego, California. *See* Compl. at 1. On February 12, 2011, Plaintiff alleges that he was placed in a holding cage because he had requested to speak to a correctional sergeant regarding the sink in his cell. *Id.* at 2. Sometime after, Defendants Winn, Peters and Rucker came to the holding cage and told Plaintiff they were going to take him back to his cell. *Id.* Plaintiff "refused and sat down on the ground in the cage." *Id.* Plaintiff claims Defendant Winn opened the door to the cell, Peters grabbed his ankle and Rucker held his wrist and arms to drag him out of the cage. *Id.* Plaintiff then alleges that these Defendants "started punching me in the head and face

---

[1] These allegations are taken from Plaintiff's Complaint. (ECF Doc. No. 1.)

1  as well as ribs." *Id.*  Plaintiff claims he attempted to protect himself but he was "put in
2  handcuffs, choked, kicked and thrown back in the cage." *Id.*  As this was happening,
3  Plaintiff alleges that Defendants were shouting "this is what you get for trying to sue
4  someone." *Id.*

5  Following this incident, Plaintiff alleges that Defendants Garza and Asbury later
6  wrote false reports regarding this incident to "back up Winn, Peters and Rucker's story
7  of how I attacked them for no reason." *Id.*  Plaintiff was placed in Administrative
8  Segregation ("Ad-Seg") until September 9, 2012. *Id.*

9  While Plaintiff was housed in Ad-Seg, he claims that he did not have "access to
10 a phone or the ability to have physical contact with my family on visits." *Id.* at 4.  In
11 addition, Plaintiff was "forced to wear shackles" which caused him to have "distinct
12 scarring from having to walk back and forth across the prison yard." *Id.*

### III.

### DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

#### A.      Standard of Review

16 Summary judgment is properly granted when "there is no genuine issue as to any
17 material fact and ... the moving party is entitled to judgment as a matter of law."
18 FED.R.CIV.P. 56(c). Entry of summary judgment is appropriate "against a party who fails
19 to make a showing sufficient to establish the existence of an element essential to that
20 party's case, and on which that party will bear the burden of proof at trial." *Celotex*
21 *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court shall consider all admissible
22 affidavits and supplemental documents submitted on a motion for summary judgment.
23 *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018, 1020 (9th Cir. 1986).

24 The moving party has the initial burden of demonstrating that summary judgment
25 is proper. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970).  However, to avoid
26 summary judgment, the nonmovant cannot rest solely on conclusory allegations. *Berg*
27 *v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Rather, he must present "specific facts
28 showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 256 (1986).  The Court may not weigh evidence or make credibility determinations on a motion for summary judgment.  Quite the opposite, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Id.* at 255; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The nonmovant's evidence need only be such that a "fair minded jury could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 255.  However, in determining whether the nonmovant has met his burden, the Court must consider the evidentiary burden imposed upon him by the applicable substantive law.  *Id.*

### B. Exhaustion of Available Administrative Remedies

Initially, Defendants moved for summary judgment as to all of Plaintiff's claims on the ground that he failed to fully exhaust his available administrative remedies as required by 42 U.S.C. § 1997e.  *See* Defs.' Memo of Ps & As in Supp. of Mtn. for Summ. Judg., ECF Doc. No. 15, at 2.  However, in Defendants' Reply, they "concede that Plaintiff has raised a question of fact [in his Opposition] as to whether he exhausted his excessive force claim." *See* Defs.' Reply, ECF Doc. No. 23, at 2-3.  Therefore, the issue of whether Plaintiff properly exhausted his administrative remedies is limited to the due process claim.

#### 1. Standard

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532.  Failure to exhaust

is "an affirmative defense the defendant must plead and prove." *Jones v. Bock,* 549 U.S. 199, 204 (2007).

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the welfare of inmates and parolees." CAL. CODE REGS., tit. 15 § 3084.1(a) (2011). Prior to January 28, 2011, in order to exhaust available administrative remedies within this system, a prisoner would proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. CAL. CODE REGS., tit. 15 § 3084.1(a) (2010). However, in January 2011, the process was changed and prison regulations no longer required an inmate to submit to informal resolution. CAL. CODE REGS. tit. 15 § 3084.5 (2011).

### 2.     Administrative Grievance

Defendants argue that Plaintiff only brought one grievance related to the events alleged in his Complaint and there is no mention of a due process violation found in this grievance. In support of this argument, Defendants supply the declaration of J. Zamora, Acting Chief of Office of Appeals in Sacramento. *See* Zamora Decl., ECF Doc. No. 15-4, at ¶¶ 1-2. In this declaration, Zamora states that a search of the records kept by the Office of Appeals found no grievance filed by Plaintiff that included any "claims of due process, specifically for being housed in Ad-Seg at RJD for false charges of attacking staff and having no access to phone or contact visits with family." *Id.* at ¶ 8.

In addition, Defendants provide the declaration of J. Ramirez, Appeals Coordinator at RJD. *See* Ramirez Decl., ECF Doc. No. 15-3, at ¶ 1. In this declaration, Ramirez states that Plaintiff submitted only one grievance relating to the factual allegations in his Complaint and there is no mention of any due process violations. *Id.* at ¶ 7, Ex. A, Inmate/Parolee Appeal Form, Log No. RJD-3-11-00185. In this grievance Plaintiff writes "[a]t no time did I strike any one, yet I have been given a CDC Rules

1  Violation Report 115, stating that I 'battered' these officers." *Id.* This one statement is
2  not enough to put Defendants on notice that Plaintiff is seeking redress for alleged
3  Fourteenth Amendment due process violations in relation to the time he spent in Ad-Seg.
4  There is no mention of Plaintiff's placement in Ad-Seg in this grievance.

5        Plaintiff has attached a copy of a San Diego Superior Court Judge's Order
6  "Partially Denying Writs of Habeas Corpus." *See* Pl.'s Opp'n, Ex. 1. A court "'may take
7  notice of proceedings in other courts, both within and without the federal judicial system,
8  if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508
9  F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803
10  n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council*
11  *v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). In this state court order, there is
12  reference to three petitions for writ of habeas corpus filed by Plaintiff in which he seeks
13  an order from the Court requiring the CDCR officials to process his administrative
14  grievances. *See* Pl.'s Opp'n, Ex. 1, Order Partially Denying Writs of Habeas Corpus,
15  filed on Apr, 6, 2012. Superior Court Judge Stephanie Sontag finds that CDCR and RJD
16  officials have interfered with Plaintiff's ability to properly exhaust his administrative
17  grievances with regard to his excessive force claims and specifically refers to the
18  grievance which was given the log number "RJD-3-11-00185." *Id.* at 2. This is the
19  grievance referenced above and attached to the Ramirez declaration.

20        Plaintiff used the Inmate/Parolee Appeal Form, CDCR 602, which provides a
21  section that directs the inmate to "state briefly the subject of your appeal." (*See* Ramirez
22  Decl, Ex. A, CDCR Inmate/Parolee Appeal Form, CDCR 602 (REV 08/09), Log No.
23  RJD-3-11-00185.)  Plaintiff does not dispute the validity of this document attached to
24  Ramirez's Declaration. In the section referred to above, Plaintiff labels the subject of his
25  appeal as "unnecessary and excessive force." (*Id.*) This grievance does not reference
26  his due process claims in which he is challenging his placement in ad-seg.

27        In fact it is noted in the state court's order that Plaintiff's petition to the state court
28  contained "no administrative appeal contesting the ADSEG placement" and the petition

1  failed to "contain any documentation relating the reason(s) for the initial ADSEG
2  placement and any decision to review that placement." (*See* Pl.'s Opp'n, Ex. 1 at 3.)
3  Based on these findings, the state court denied Plaintiff's third petition "for the failure
4  to submit all reasonably available documentation and to exhaust administrative
5  remedies." (*Id.*)

6  Defendants have met their burden to show that there is no evidence in the record
7  that Plaintiff filed a grievance related to his due process claims. However, it is also
8  Defendants burden to prove that "there was an available remedy." *Williams v. Paramo*,
9  __ F.3d __, 2015 WL 74144 at * 7 (9th Cir. 2015). Defendants argue that the
10 declarations of Ramirez and Zamora "establish that, because Plaintiff successfully
11 appealed numerous other matters through all levels of review, he was familiar with the
12 appeals process, and he was aware that the process was available to him." (Defs.' Ps &
13 As in Supp. of MSJ at 5.) In his Opposition, Plaintiff maintains that he "was extremely
14 diligent in his effort to exhaust all available remedies but was obstructed repeatedly."
15 (Pl.'s Opp'n at 5.) Plaintiff does describe the difficulty he had in attempting to exhaust
16 his remedies but he only describes the process he went through to exhaust his claims of
17 excessive force. Plaintiff does not address Defendants' assertion that the grievance
18 process was available to him as it relates to his Fourteen Amendment due process claims
19 relating to his time spent in ad-seg. He also does not dispute Defendants' showing that
20 there was a grievance process available to him regarding these claims. Therefore, the
21 Court finds that Defendants have met their burden to show that Plaintiff had a remedy
22 available to him but he failed to properly file a grievance relating to his due process
23 claims.

24 Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's
25 Fourteenth Amendment due process claims for failing to properly exhaust his
26 administrative remedies is **GRANTED**.
27 / / /
28 / / /

# IV.

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12 (b)(6)**

Defendants also move to dismiss Plaintiff's Fourteenth Amendment due process claims or, in the alternative, a finding that they are entitled to qualified immunity as to these claims. *See* Defs. Memo of Ps & As in Supp. of Mtn. to Dismiss, ECF Doc. No. 14, at 3. In addition, Defendants argue that they are entitled to immunity from liability for money damages in their official capacities. *Id.*

### A. Standard

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe*

*v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

### B.     Fourteenth Amendment Due Process claims

Because the Court has already found in Defendants' favor in their summary judgment motion on this issue based on Plaintiff's failure to exhaust, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims for failing to state a claim as moot.   The Court also **DENIES** Defendants' request for qualified immunity as to Plaintiff's Fourteenth Amendment due process claims as moot.

### C.     Eleventh Amendment

Defendants also seek dismissal of Plaintiff's Complaint to the extent he seeks money damages against them based on actions taken in their "official" capacity. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will*, 491 U.S. at 66, it does not bar damage actions against state officials sued in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).  When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).

The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right. *Hafer*, 502 U.S. at 25.  Consequently, the Court **GRANTS** Defendants' Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against them in their official capacity.

### D.     Remaining claims

Defendants did not move to dismiss Plaintiff's Eighth Amendment excessive force claims and thus, those claims remain in the action.  In his Opposition, Plaintiff raises a claim for retaliation for the first time.  While there are some allegations in Plaintiff's

Complaint that suggests a retaliation claim, it is not clear that Plaintiff intended to bring such a claim.  If Plaintiff wishes to bring a retaliation claim, he must file a motion for leave to amend his complaint.  However, the Court cautions Plaintiff that any attempt to amend his Complaint to bring additional claims may be futile if he has not properly exhausted those new claims.

## V.

### MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action.  The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's request without prejudice because neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## VI.

### CONCLUSION AND ORDER

For all the reasons set forth above, the Court hereby:

(1)   **GRANTS** Defendants' Motion for Summary Judgment on exhaustion grounds as to Plaintiff's Fourteenth Amendment due process claims pursuant to

FED.R.CIV.P. 56 and **DENIES** Defendants' Motion for Summary Judgment on exhaustion grounds as to Plaintiff's Eighth Amendment excessive force claims;

(2) **DENIES** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims and request for qualified immunity as moot;

(3) **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims for monetary damages in their official capacities; and

(4) **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice.

**IT IS FURTHER ORDERED** that:

(5) Defendants shall file and serve an Answer to the Eighth Amendment excessive force claims in Plaintiff's Complaint within the time prescribed by FED.R.CIV.P. 12(a)(4)(B).

**IT IS SO ORDERED.**

Dated: February 9, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court